Case 1:18-cv-00083   Document 30   Filed on 11/28/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EMANUEL ADEYINKA[1],** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. B-18-83 |
| § | | |
| **WILLACY COUNTY STATE JAIL,** § | | |
| Defendant. § | | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 18, 2018, Plaintiff Emanuel Adeyinka filed a complaint against Defendant Willacy County State Jail ("Willacy"). Dkt. No. 1. Adeyinka has raised two claims: (1) that he was subjected to "racial segregation" and (2) that the jail employees "never wore hand gloves around me." Id, p. 4. Adeyinka claims that both of these actions constituted "cruel and unusual punishment" and seeks $1.5 million in damages for his "emotional distress." Id, pp. 4-5.

Adeyinka has moved to proceed in forma pauperis in this Court. Dkt. No. 8. That motion, in turn, requires the Court to conduct an independent review of Adeyinka's claims. 28 U.S.C. § 1915(e)(2). After conducting that review, the Court recommends that Adeyinka's complaint be dismissed for failure to state a claim upon which relief can be granted.

**I. Background**

    **A. Factual Background**

Adeyinka was incarcerated at the Willacy County State Jail from August 7, 2017 until March 13, 2018. Dkt. No. 18, p. 2.

---

[1] Adeyinka's name was listed on the docket as Emmanuel Adeyinke, likely based on the barely legible handwriting in the complaint. His prison records lists his name as Emanuel Adeyinka, which the Court will use here. Dkt. No. 28.

Adeyinka claims that he was subjected to unlawful racial segregation while at Willacy. Dkt. No. 1. He claims that prisoners "had to set and eat certain places, there was a section for whites, black, Mexicans." Dkt. No. 18, p. 1. Adeyinka also claimed that prisoners would "get beat up for touching out of your race," but did not explain who the perpetrators of the violence were or whether this violence was endorsed – either explicitly or tacitly – by prison officials.

As to his second claim, Adeyinka asserts that jail officials "never wore hand gloves around me." Dkt. No. 1. Adeyinka claims he became ill as a result of "the microorganism that causes disease spread from their hands." Dkt. No. 18, p. 2. He further asserts that he informed prison officials that "it was insanitary to be around man with a lack of gloves." Id.

There is no indication in Adeyinka's prison medical records that he was ever treated for a communicable disease that he contracted while at Willacy. His major medical treatments were for two dental extractions and for pain and swelling after another inmate punched him in the face. Dkt. No. 28, pp. 7, 11, 64.

**B. Procedural History**

On May 18, 2018, Adeyinka filed a complaint against Willacy, raising the two claims previously outlined. Dkt. No. 1. The complaint was filed in the Houston Division. Id.

On May 25, 2018, the case was transferred to this Court. Dkt. Nos. 3, 4.

On June 12, 2018, Adeyinka filed a motion to proceed in forma pauperis. Dkt. No. 8.

On July 9, 2018, the Court noted that it has "an obligation to screen in forma pauperis complaints to ensure that the complaint is not malicious or frivolous and that it states a claim upon which relief can be granted." Dkt. No. 10. The Court ordered Adeyinka to answer a series of interrogatories concerning his claims, "akin to a motion for a more definite statement." Id. The Court also ordered the Texas Department of Criminal Justice to file a copy of Adeyinka's prison records – " including all medical records and grievances" – under seal "to assist the Court in determining if Adeyinka has stated a claim upon which relief can be granted." Id.

On July 16, 2018, Adeyinka filed his response to the interrogatories. Dkt. No. 18.

On November 19, 2018, the Texas Department of Criminal Justice filed Adeyinka's prison records under seal. Dkt. No. 28. The interrogatory responses and the prison records became part of the total filings and record in this case. Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996).

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

"A general policy of racial integration of prison cells is constitutionally mandated because racial segregation in such situations is violative of the Equal Protection Clause of the Fourteenth Amendment." Karl v. Collins, 70 F.3d 1268 (5th Cir. 1995). That holding, however, is tempered by the Supreme Court's recognition "that prison authorities have the right, acting in good faith and in particularized circumstances, to take into account racial

tensions in maintaining security, discipline, and good order in prisons and jails." Lee v. Washington, 390 U.S. 333, 334 (1968).

### B. Section 1915

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added). See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed in forma pauperis; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)(emphasis added) (quoting Startti v. U.S., 415 F.2d 1115, 1116 (5th Cir. 1969)). "A complaint is frivolous if it lacks an arguable basis in law or fact." Black v. Warren, 134 F.3d at 733.

### C. Rule 12(b)(6)

As relevant here, "[d]ismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard,

4

explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

As an initial matter, Adeyinka has not named a proper defendant in this case. Furthermore, even given the latitude afforded to pro se litigants, neither of Adeyinka's claims sufficiently states a claim to relief.

    **A. Proper Defendant**

The sole defendant named in this case is the Willacy County State Jail. For the reasons discussed below, the jail is not a proper defendant in this case.

Section 1983 establishes liability for "persons" who are "acting under color of state law." Unless an entity is considered a juridical person, i.e. a separate and distinct legal entity, it cannot sue or be sued in its own name. The Willacy County State Jail is owned by

5

Corrections Corporation of America, a private correctional company. Dkt. No. 27, p. 2. As such, Willacy County State Jail has no separate legal existence from Corrections Corporation of America. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (a proper § 1983 defendant must "enjoy a separate legal existence" from any other entity in order to be a juridical entity that can be sued in its own name).

Accordingly, Corrections Corporation of America is the proper defendant in this case. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (private prison companies and their employees can be sued under § 1983). Even if the Court assumes that Adeyinka identified a proper defendant, the assumption does not change the outcome. Adeyinka has failed to state a claim upon which relief can be granted.

**B. Racial Segregation**

Despite his vague allegations – as to whether the segregation was ordered, who ordered it, what the segregation applied to, and why it was in effect, if it was – Adeyinka's claim regarding prison segregation fails to state a claim upon which relief can be granted.

As previously noted, a blanket policy of racial segregation of prison cells is unconstitutional, but prison authorities have the discretion to "to take into account racial tensions in maintaining security, discipline, and good order." Lee v. Washington, 390 U.S. 333, 334 (1968).

Despite being given an opportunity to give a more definite statement, via interrogatories, Adeyinka does not allege any facts showing that his prison housing assignment was segregated. He alleges that prisoners had to sit and eat in certain places; that there were different sections for different races. He does not allege any facts showing that this racial segregation was mandated by prison staff; as opposed to being propagated by the prisoners themselves.

Adeyinka also claims that prisoners were "beat up for touching out of their race," but does not state who the perpetrators of the beatings were. If the perpetrators were other prisoners, Adeyinka has failed to state a claim against any prison officials. Even applying

a relaxed interpretation to the allegation, i.e. understanding that the allegation claims that prison officials allowed such abuse, Adeyinka "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Deliberate indifference requires that Adeyinka show that prison officials were "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that the official made] . . . the inference." Farmer v. Brennan, 511 U.S. 825 (1994). Adeyinka has pled no facts demonstrating that any prison official was aware of the substantial risk of serious harm to Adeyinka and consciously chose to ignore that risk.

Furthermore, if the perpetrators were prison officials, Adeyinka has not pled any facts as to the nature of the violence, other than the conclusory statement that prisoners were "beat up." "Under the Federal Rules of Civil Procedure, a plaintiff must provide more than conclusory allegations against a defendant." Cervantes v. Ocwen Loan Servicing, L.L.C., No. 16-41569, 2018 WL 4261749, at *2 (5th Cir. Sept. 6, 2018). Adeyinka has failed to make more than conclusory allegations, for which reason the complaint should be dismissed for failure to state a claim upon which relief can be granted.

**C. Conditions of Confinement**

Adeyinka further asserts that he suffered illnesses as a result of jail employees failing to wear gloves. He does not identify the illness, or that treatment was required. In fact, he does not even allege that treatment was necessary or received. Thus, despite his conclusory allegation, no specifics have been alleged, for which reason this claim also fails to state a claim upon which relief can be granted.

Nevertheless, giving Adeyinka the latitude that is due to pro se litigants, it appears that he is raising a claim that the conditions of his confinement violated the Eighth Amendment. In such cases, Adeyinka must demonstrate a "pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice." Shepherd v. Dallas Cty., 591 F.3d 445, 452 (5th Cir. 2009) (internal quotation marks omitted) (brackets original). "Proving a pattern

7

is a heavy burden, one that has rarely been met in our caselaw." Id.

Furthermore, the injury suffered must be more than de minimis. "Isolated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks." Duvall v. Dallas Cty., Tex., 631 F.3d 203, 208 (5th Cir. 2011).

Adeyinka has not shown a pattern of acts or omissions by prison officials, much less a "pervasive pattern of serious deficiencies in providing for his basic human needs." Shepherd, 591 F.3d at 454. Adeyinka has not even pled another instance of acts or omissions beyond the lack of gloves, or any adverse consequences resulting from such purported failure.

In other words, Adeyinka has not pled any facts showing that he suffered a legally cognizable injury. As an initial matter, there is no indication in his prison medical records that he suffered from any illnesses that he contracted while he was incarcerated. Even if the Court assumes that he suffered from an illness that is not reflected in those records, Adeyinka has not demonstrated that the illness was caused by the actions or inactions of prison officials, as opposed to the normal spread of illness in a densely populated residence. Duvall, 631 F.3d at 208.

Thus, Adeyinka has failed to state a claim upon which relief can be granted and it should be dismissed.[2]

---

[2] The Court notes that "[b]efore dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by [ . . .] requesting a more definite statement through a questionnaire." Graves v. Cain, 734 F. App'x 914, 915 (5th Cir. 2018). The Court gave Adeyinka the opportunity to flesh out his complaint by sending him a questionnaire, with questions designed to elicit additional facts. Dkt. No. 10. Adeyinka returned the questionnaire and the Court has considered his answers in analyzing his complaint. Dkt. No. 18. Because Adeyinka was given an opportunity to flesh out his complaint, dismissal for failure to a state claim is proper in this case. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (affirming dismissal based on review of complaint and questionnaire answers).

## IV. Recommendation

It is recommended that the complaint filed by Emanuel Adeyinka be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on November 28, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge